UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUNELLA R. RONAN,

    PLAINTIFF,

V.                                    CASE NO.: 6:19-cv-01130

NEIGHBORHOOD RESTAURANT
PARTNERS OF FLORIDA, LLC D/B/A
APPLEBEES BAR AND GRILL,

    DEFENDANT.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JUNELLA R. RONAN (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, NEIGHBORHOOD RESTARANT PARTNERS OF FLORIDA, LLC D/B/A APPLEBEE'S BAR AND GRILL (hereafter, "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for damages that exceed $ 15,000.00, exclusive of costs, interest, and attorney's fees by Plaintiff against her former employer for violation of the Title VII of the Civil Rights Act, 42 U.S.C.A §2000e, *et. seq.*, as amended by the Pregnancy Discrimination ACT ("Title VII" or "PDA") and Florida's Workers' Compensation Retaliation, Section 440.205 of the Florida Statutes. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1337, and for the state law claims under the doctrine of supplemental jurisdiction.

2. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices

were committed within this judicial district. All facts and circumstances arising from this dispute took place in Orange County, Florida.

3. Plaintiff is an individual who resided in Orange County, Florida, during the time of her employment with Defendant and all times material herein.

4. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual filed a Charge of Discrimination on September 4, 2018, with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations (FCHR) alleging discrimination based on Americans with Disabilities and Retaliation, a copy of which is attached hereto and incorporated herein as Exhibit "A".

6. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated March 21, 2019, in reference to EEOC Charge Number 511-2018-04726, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B".

## GENERAL ALLEGATIONS

7. The Plaintiff was hired and began working a Server in June of 2017 for the Defendant.

8. The Plaintiff was consistently working forty (40) to fifty (50) hours per week.

9. The Plaintiff worked primarily as a Server and rarely as a Hostess, Expo, or To Go.

10. On or about July or August, 2017, the Plaintiff was made employee of the month.

11. The Plaintiff provided notice of her pregnancy on or about December 6, 2017 to Defendant.

12. The Plaintiff suffered a slip and fall because of a wet floor on December 30, 2017.

13. After notifying the employer, the Plaintiff's shifts had been reduced from full-time to part-time and she was no longer receiving any serving shifts.

14. The Plaintiff confronted Mr. Eme, Scheduling Manager about the change in shifts, but Mr. Eme disregarded these issues and said that he was concerned about "hurting" the baby. He also expressed concerns about her becoming "lazy" or "slow."

15. The Plaintiff reached out to the General Manager about losing serving shifts but was ignored.

16. In January 2018, the Plaintiff was completely removed from the Applebee's schedule and terminated.

17. The Plaintiff has retained the undersigned and agreed to pay his firm a reasonable hourly fee for the representation.

## COUNT I: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

18. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 17 of this Complaint.

19. Title VII of the Civil Rights Act provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. 2000e-2(a)(1).

20. In 1978, Congress amended Title VII of the Civil Rights Act of 1964 to include the ADA, which expands Title VII's definition section to encompass pregnancy-based discrimination under the definition of sex discrimination: The terms "because of sex" or "on the basis of sex" include, but are not limited to, because or on the basis of pregnancy, childbirth, or related

medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes. 42 U.S.C. § 2000e(k).

21. It is a violation of Title VII to discharge, constructively discharge, discriminate or refuse to hire a woman because she is pregnant.

22. The Plaintiff was fully qualified for the position she held at all relevant times.

23. The Plaintiff had a strong work history and met or exceeded the Defendant's expectations for her performance in the position.

24. The Plaintiff was pregnant and therefore a member of the class protected under the PDA.

25. Defendant knew the Plaintiff was pregnant before it began taking adverse actions against the Plaintiff.

26. The Plaintiff was subject to the following adverse actions (a) reduction in shifts, (b) change in position (Server v. Expo), and (c) termination.

27. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

28. Defendant's conduct was despicable and the acts herein alleged were malicious, oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff, JUNELLA R. RONAN, respectfully demands judgment against Defendant, NEIGHBORHOOD RESTAURANT PARTNERS OF FLORIDA, LLC

D/B/A APPLEBEES BAR AND GRILL, for any and all damages available under the ADA, including, but not limited to backpay, front pay in lieu of reinstatement, other compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

### COUNT II: VIOLATION OF FLORIDA'S WORKERS' COMPENSATION INTERFERENCE & RETALIATION, SECTION 440.205 OF THE FL STATUTES

29. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 17 of this Complaint.

30. This is an action for interference, retaliation, and retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

31. On December 30, 2017, the Plaintiff suffered a slip and fall as a result of a wet floor in the kitchen. The Plaintiff was suffering from concussion symptoms, and injury to her elbow and

32. The Plaintiff called her mother, Deborah Lamberson who arrived at the Defendant's place of business.

33. Upon arrival, the Ms. Lamberson walked up to the Plaintiff who was seated on a bench next to Mr. Eme. Mr. Eme informed the Plaintiffs mother that the Plaintiff slipped and fell.

34. Ms. Lamberson transported the Plaintiff to the Advent Health Hospital in Celebration, Florida.

35. Plaintiff was admitted to the hospital. Ms. Lamberson called Mr. Eric Dinsmore, General Manager for the Defendant, who refused to release any Workers' Compensation information. Mr. Dinsmore acknowledged that he would be reviewing the video camera and asked to be kept updated.

36. On December 31, 2017, Ms. Lamberson visited the Defendant's place of business and informed the Defendant that the Plaintiff was admitted to the hospital and would be unavailable

for work. Ms. Lamberson again requested Workers' Compensation information but was denied.

37. After returning to work in January, the Plaintiff's previously scheduled serving shifts were removed from her schedule and she was assigned to the To Go or car side section.

38. The Plaintiff was removed from all shifts later in January and terminated.

39. A few weeks later, the Plaintiff was completely removed from the schedule because she suffered a workplace injury and attempted to claim benefits under the Defendant's Workers' Compensation Policy.

40. Until the time of discharge, Plaintiff's work performance had been consistently reviewed as satisfactory or superior.

41. The Plaintiff's engagement in protected activity under Section 440.205 of the Florida Statutes was the motivating factor for her removal from serving shifts, reduction in hours and eventual termination.

42. After being removed from her more profitable server shifts, not having access to Workers' Compensation benefits, and being terminated, the Plaintiff lost her home.

43. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

44. Defendant's conduct in wrongfully interfering with, retaliating against and discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights in that the discharge was directly in retaliation for seeking medical treatment for her work-related injury. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Plaintiff, JUNELLA R. RONAN, respectfully demands judgment against Defendant, NEIGHBORHOOD RESTAURANT PARTNERS OF FLORIDA, LLC

D/B/A APPLEBEES BAR AND GRILL, for any and all damages available under the Section 440.205 of the Florida Statutes, including, but not limited to backpay, front pay in lieu of reinstatement, medical costs, other compensatory damages, prejudgment interest, punitive damages, costs of this action, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff, by and through her undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 19th day of June, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
Phone: (941) 256-3812
Fax: (888) 501-6612
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Attorney for the Plaintiff